# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK          Index No.:
COUNTY OF NEW YORK

CLAUDIA DAVIS,

                          Plaintiff,                                **SUMMONS**

          -against-                                                 Plaintiff designates New York
                                                                    County as the place of trial.

WHOLE FOODS MARKET GROUP, INC., WHOLE
FOODS MARKET MID-ATLANTIC, INC., and "JOHN          The basis of venue is:
DOE, INC". I-X, THEIR NAMES BEING FICTITIOUS        CPLR 503(a)
AND CURRENTLY UNKNOWN,
                          Defendants.

TO THE DEFENDANTS:

          YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a
copy of your answer or, if the complaint is not served with summons, to serve a notice of
appearance, on the Plaintiff's Attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated: Bronx, New York
          May 26, 2020

                                              *Robert Genis*
                                              Robert J Genis, Esq.
                                              SONIN & GENIS, LLC
                                              Attorneys for Plaintiff
                                              One Fordham Plaza, Suite 907
                                              Bronx, New York, 10458
                                              (718) 561-4444

To:

Whole Foods Market Group, Inc.          |  Whole Food Market Mid-Atlantic, Inc.
c/o C T Corporation Systems, Inc.       |  c/o C T Corporation Systems, Inc.
28 Liberty Street                       |  28 Liberty Street
New York, NY 10005                      |  New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

CLAUDIA DAVIS,

                Plaintiff,

       -against-

WHOLE FOODS MARKET GROUP, INC., WHOLE
FOODS MARKET MID-ATLANTIC, INC., and "JOHN
DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS
AND CURRENTLY UNKNOWN,

                Defendants.

Index No.:

**VERIFIED COMPLAINT**

Plaintiff CLAUDIA DAVIS by his attorneys SONIN & GENIS, ESQS, as and for his

Verified Complaint, upon information and belief and at all times hereinafter mentioned,

respectfully alleges:

1. On and before October 31, 2017, the defendant WHOLE FOODS MARKET GROUP, INC.,

   was and still is a foreign business corporation duly authorized to transact business within the

   State of New York.

2. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC.,

   was and still is a domestic business corporation duly organized and existing under and by

   virtue of the laws of the State of New York.

3. On and before October 31, 2017, the defendant WHOLE FOODS MARKET GROUP, INC.,

   was and still is a foreign business corporation not authorized to transact business within the

   State of New York.

4. Defendant WHOLE FOODS MARKET GROUP, INC., regularly conducts and transacts

   business in the State of New York.

5. Defendant WHOLE FOODS MARKET GROUP, INC., regularly solicits business in the

   State of New York.

6. Defendant WHOLE FOODS MARKET GROUP, INC., regularly advertises in the State of New York.

7. Defendant WHOLE FOODS MARKET GROUP, INC., leases and rents space in the State of New York.

8. Defendant WHOLE FOODS MARKET GROUP, INC., employs people in the State of New York.

9. Defendant WHOLE FOODS MARKET GROUP, INC., earns significant sums of money in and from the State of New York and its residents and inhabitants.

10. Defendant WHOLE FOODS MARKET GROUP, INC., earns substantial sums of money in and from the State of New York and its residents and inhabitants.

11. Defendant WHOLE FOODS MARKET GROUP, INC., derives significant income in and from the State of New York and its residents and inhabitants.

12. Defendant WHOLE FOODS MARKET GROUP, INC., accepts process of service c/o C T Corporation Systems, Inc. 28 Liberty Street New York, NY 10005

13. Defendant WHOLE FOODS MARKET GROUP, INC., Chief Executive Officer is Keith Manbeck, 550 Bowie Street, Austin, Texas, 78703.

14. On and before October 31, 2017, a portion of the premises located at 1551 3rd Avenue, New York, NY 10128 was being operated as a Whole Foods Supermarket.

15. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., was a tenant at/of 1551 3rd Avenue, County of New York, State of New York.

16. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., rented or leased space in the premises located at 1551 3rd Avenue, County of New York, State of New York.

2

17. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., occupied space in the premises located at 1551 3rd Avenue, County of New York, State of New York.

18. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., managed a portion of the aforementioned premises.

19. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., operated a portion of the aforementioned premises.

20. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants, employees, contractors and/or subcontractors, maintained a portion of the aforementioned premises.

21. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants, employees, contractors and/or subcontractors, controlled a portion of the aforementioned premises.

22. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants, employees, contractors and/or subcontractors, inspected a portion of the aforementioned premises.

23. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET GROUP, INC., its agents, servants, employees, contractors and/or subcontractors, repaired a portion of the aforementioned premises.

24. On and before October 31, 2017, a portion of the aforementioned premises was and still is used by employees/customers, on a daily basis.

25. On and before October 31, 2017, the building including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays,

placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,  and lighting located at 1551 3rd Avenue, New York, NY 10128 was being operated by defendant WHOLE FOODS MARKET GROUP, INC., and its agents, servants, employees, contractors and/or subcontractors.

26. On and before October 31, 2017, the building including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,  and lighting located at 1551 3rd Avenue, New York, NY 10128 was owned by defendant WHOLE FOODS MARKET GROUP, INC. and its agents, servants, employees, contractors and/or subcontractors.

27. On and before October 31, 2017, the defendant WHOLE FOODS MARKET GROUP, INC. was a lessee of the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,  and lighting, located at 1551 3rd Avenue, County of New York, State of New York.

28. On and before October 31, 2017, the defendant WHOLE FOODS MARKET GROUP, INC. was a lessor of the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,   and lighting, located at 1551 3rd Avenue, County of New York, State of New York.

29. On and before October 31, 2017, the defendant WHOLE FOODS MARKET GROUP, INC. and its agents, servants, employees, contractors and/or subcontractors managed the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses,

4

flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

30. On and before October 31, 2017, the defendant WHOLE FOODS MARKET GROUP, INC. and its agents, servants, employees, contractors and/or subcontractors maintained the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

31. On and before October 31, 2017, the defendant WHOLE FOODS MARKET GROUP, INC. and its agents, servants, employees, contractors and/or subcontractors supervised the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

32. On and before October 31, 2017, the defendant WHOLE FOODS MARKET GROUP, INC., and its agents, servants, employees, contractors and/or subcontractors controlled the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

33. On and before October 31, 2017, the defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., was and still is a foreign business corporation duly authorized to transact business within the State of New York.

34. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-ATLANTIC, INC., was and still is a domestic business corporation duly organized and existing under and by virtue of the laws of the State of New York.

35. On and before October 31, 2017, the defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., was and still is a foreign business corporation not authorized to transact business within the State of New York.

36. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., regularly conducts and transacts business in the State of New York.

37. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., regularly solicits business in the State of New York.

38. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., regularly advertises in the State of New York.

39. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., leases and rents space in the State of New York.

40. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., employs people in the State of New York.

41. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., earns significant sums of money in and from the State of New York and its residents and inhabitants.

42. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., earns substantial sums of money in and from the State of New York and its residents and inhabitants.

43. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., derives significant income in and from the State of New York and its residents and inhabitants.

44. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., accepts process of service c/o C T Corporation Systems, Inc. 28 Liberty Street New York, NY 10005

45. Defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., Chief Executive Officer is Keith Manbeck, 550 Bowie Street, Austin, Texas, 78703.

46. On and before October 31, 2017, a portion of the premises located at 1551 3rd Avenue, New York, NY 10128 was being operated as a Whole Foods Supermarket.

47. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-ATLANTIC, INC., was a tenant at/of 1551 3rd Avenue, County of New York, State of New York.

48. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-ATLANTIC, INC., rented or leased space in the premises located at 1551 3rd Avenue, County of New York, State of New York.

49. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-ATLANTIC, INC., occupied space in the premises located at 1551 3rd Avenue, County of New York, State of New York.

50. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-ATLANTIC, INC., managed a portion of the aforementioned premises.

51. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-ATLANTIC, INC., operated a portion of the aforementioned premises.

52. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-
ATLANTIC, INC., its agents, servants, employees, contractors and/or subcontractors,
maintained a portion of the aforementioned premises.

53. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-
ATLANTIC, INC., its agents, servants, employees, contractors and/or subcontractors,
controlled a portion of the aforementioned premises.

54. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-
ATLANTIC, INC., its agents, servants, employees, contractors and/or subcontractors,
inspected a portion of the aforementioned premises.

55. On and before October 31, 2017, the defendant, WHOLE FOODS MARKET MID-
ATLANTIC, INC., its agents, servants, employees, contractors and/or subcontractors,
repaired a portion of the aforementioned premises.

56. On and before October 31, 2017, a portion of the aforementioned premises was and still is
used by employees/customers, on a daily basis.

57. On and before October 31, 2017, the building including its stores, premises, appurtenances,
furnishings, staircases, ingresses, egresses, flooring, and lighting located at 1551 3rd Avenue,
New York, NY 10128 was being operated by defendant WHOLE FOODS MARKET MID-
ATLANTIC, INC., and its agents, servants, employees, contractors and/or subcontractors.

58. On and before October 31, 2017, the building including its stores, premises, appurtenances,
furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays,
placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,   and lighting
located at 1551 3rd Avenue, New York, NY 10128 was owned by defendant WHOLE

8

8 of 19

FOODS MARKET MID-ATLANTIC, INC. and its agents, servants, employees, contractors and/or subcontractors.

59. On and before October 31, 2017, the defendant WHOLE FOODS MARKET MID-ATLANTIC, INC. was a lessee of the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting, located at 1551 3rd Avenue, County of New York, State of New York.

60. On and before October 31, 2017, the defendant WHOLE FOODS MARKET MID-ATLANTIC, INC. was a lessor of the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting, located at 1551 3rd Avenue, County of New York, State of New York.

61. On and before October 31, 2017, the defendant WHOLE FOODS MARKET MID-ATLANTIC, INC. and its agents, servants, employees, contractors and/or subcontractors managed the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

62. On and before October 31, 2017, the defendant WHOLE FOODS MARKET MID-ATLANTIC, INC. and its agents, servants, employees, contractors and/or subcontractors maintained the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of

products/merchandise/stock/goods/supplies,    and lighting located at 1551 3rd Avenue, New York, NY 10128.

63. On and before October 31, 2017, the defendant WHOLE FOODS MARKET MID-ATLANTIC, INC. and its agents, servants, employees, contractors and/or subcontractors supervised the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,    and lighting located at 1551 3rd Avenue, New York, NY 10128.

64. On and before October 31, 2017, the defendant WHOLE FOODS MARKET MID-ATLANTIC, INC., and its agents, servants, employees, contractors and/or subcontractors controlled the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,   and lighting located at 1551 3rd Avenue, New York, NY 10128.

65. Defendants "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN were and are business entities or persons hired by WHOLE FOODS MARKET GROUP, INC., WHOLE FOODS MARKET MID-ATLANTIC, to safely and properly stock, store, place, keep and maintain products/merchandise/goods/supplies at the premises located at 1551 3rd Avenue, New York, NY 10128 during the relevant times.

66. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, were and still are domestic business corporations duly organized and existing under and by virtue of the laws of the State of New York.

67. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, were and still are individuals residing in the State of New York.

68. Defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, regularly conducts and transacts business in the State of New York.

69. Defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, regularly solicits business in the State of New York.

70. Defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, regularly advertises in the State of New York.

71. Defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, leases and rents space in the State of New York.

72. Defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, employs people in the State of New York.

73. Defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, earns significant sums of money in and from the State of New York and its residents and inhabitants.

74. Defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, earns substantial sums of money in and from the State of New York and its residents and inhabitants.

75. Defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, derives significant income in and from the State of New York and its residents and inhabitants.

11

76. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, was a tenant at/of 1551 3rd Avenue, County of New York, State of New York.

77. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, rented or leased space in the premises located at 1551 3rd Avenue, County of New York, State of New York.

78. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, occupied space in the premises located at 1551 3rd Avenue, County of New York, State of New York.

79. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, managed a portion of the aforementioned premises.

80. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, operated a portion of the aforementioned premises.

81. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, its agents, servants, employees, contractors and/or subcontractors, maintained a portion of the aforementioned premises.

82. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, its agents, servants, employees, contractors and/or subcontractors, controlled a portion of the aforementioned premises.

83. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, its agents, servants, employees, contractors and/or subcontractors, inspected a portion of the aforementioned premises.

84. On and before October 31, 2017, the defendant, "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, its agents, servants, employees, contractors and/or subcontractors, repaired a portion of the aforementioned premises.

85. On and before October 31, 2017, a portion of the aforementioned premises was and still is used by employees/customers, on a daily basis.

86. On and before October 31, 2017, the building including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128 was being operated by defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, and its agents, servants, employees, contractors and/or subcontractors.

87. On and before October 31, 2017, the building including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128 was owned by defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN and its agents, servants, employees, contractors and/or subcontractors.

88. On and before October 31, 2017, the defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN was a lessee of the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses,

flooring, shelves/racks/displays, placement/stocking/storage etc., of

products/merchandise/stock/goods/supplies,   and lighting, located at 1551 3rd Avenue,

County of New York, State of New York.

89. On and before October 31, 2017, the defendant "JOHN DOE, INC". I-X, THEIR NAMES

BEING FICTICIOUS AND CURRENTLY UNKNOWN was a lessor of the building,

including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses,

flooring, shelves/racks/displays, placement/stocking/storage etc., of

products/merchandise/stock/goods/supplies,   and lighting, located at 1551 3rd Avenue,

County of New York, State of New York.

90. On and before October 31, 2017, the defendant "JOHN DOE, INC". I-X, THEIR NAMES

BEING FICTICIOUS AND CURRENTLY UNKNOWN and its agents, servants, employees,

contractors and/or subcontractors managed the building, including its stores, premises,

appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays,

placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,   and lighting

located at 1551 3rd Avenue, New York, NY 10128.

91. On and before October 31, 2017, the defendant "JOHN DOE, INC". I-X, THEIR NAMES

BEING FICTICIOUS AND CURRENTLY UNKNOWN and its agents, servants, employees,

contractors and/or subcontractors maintained the building, including its stores, premises,

appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays,

placement/stocking/storage etc., of products/merchandise/stock/goods/supplies,   and lighting

located at 1551 3rd Avenue, New York, NY 10128.

92. On and before October 31, 2017, the defendant "JOHN DOE, INC". I-X, THEIR NAMES

BEING FICTICIOUS AND CURRENTLY UNKNOWN and its agents, servants, employees,

14

contractors and/or subcontractors supervised the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

93. On and before October 31, 2017, the defendant "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, and its agents, servants, employees, contractors and/or subcontractors controlled the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

94. On and before October 31, 2017, the defendants and their agents, servants, employees, contractors and/or subcontractors inspected the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

95. On and before October 31, 2017, the defendant and their agents, servants, employees, contractors and/or subcontractors repaired the building, including its stores, premises, appurtenances, furnishings, staircases, ingresses, egresses, flooring, shelves/racks/displays, placement/stocking/storage etc., of products/merchandise/stock/goods/supplies, and lighting located at 1551 3rd Avenue, New York, NY 10128.

96. On or about October 31, 2017, the plaintiff, CLAUDIA DAVIS, was lawfully an invitee and/or patron in the aforementioned premises.

15

## AS AND FOR A FIRST COUNT- NEGLIGENCE

97. Plaintiff repeats and re-alleges each and every previous allegation with the same force and effect as if hereinafter set forth at length.

98. On or about October 31, 2017, the plaintiff, CLAUDIA DAVIS, became injured at the aforesaid premises due to the unsafe condition(s) existing thereat.

99. Defendants, through their agents, servants, employees, contractors and subcontractors, knew or should have known, and/or caused and created said unsafe condition(s).

100.    On and before October 31, 2017, the defendants, their agents, servants, employees, contractors/subcontractors/independent contractors, were negligent in the ownership, management, operation, maintenance, control, design, alteration, upgrade, installation, inspection, repair of the aforementioned premises, and in negligently stocking/placing/storing/keeping/displaying products/merchandise/stock/goods/supplies, and failed to properly secure said items thereat, and failed to ensure they safely and properly stocked, stored, placed, kept, positioned, and maintained said products/merchandise/stock/goods/supplies, and in causing and allowing to exist a nuisance and/or unsafe condition(s).

101.    That said premises, shelves/racks/displays etc., and said products/merchandise/stock/goods/supplies were in and under defendants' exclusive care, custody and control, and this incident would not have occurred but for defendants' negligence, and the doctrine of *res ipsa loquitor* applies herein.

102.    Defendants failed to give/place proper warnings/instructions, and place proper and adequate barriers or barricades.

16

103.    Defendants failed to properly supervise, monitor and safeguard their: premises; products/goods/merchandise/stock/supplies/goods; equipment, fixtures, shelves/racks/displays; customers/patrons/business invitees; agents/servants/employees/contractors/subcontractors/independent contractors and one another.

104.    As a result of the aforesaid negligence on the part of the defendants, their agents, servants, employees, contractors/subcontractors/independent contractors, the plaintiff, CLAUDIA DAVIS, was caused to be injured, sustaining serious and permanent personal injuries, incurred and will incur medical expenses, and other special damages.

105.    As a result of the foregoing, Plaintiff sustained damages in an amount which exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter, and this court does have jurisdiction of this matter.

### AS AND FOR A SECOND COUNT- NEGLIGENT HIRING

106.    The defendants, WHOLE FOODS MARKET GROUP, INC. and WHOLE FOODS MARKET MID-ATLANTIC, INC., were negligent in the hiring, training, supervision, monitoring and retention of Defendants "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, and their agents, servants and employees.

107.    The defendants, WHOLE FOODS MARKET GROUP, INC. and WHOLE FOODS MARKET MID-ATLANTIC, INC., were negligent in that they failed to properly supervise, safeguard, and monitor Defendants "JOHN DOE, INC". I-X, THEIR NAMES BEING FICTICIOUS AND CURRENTLY UNKNOWN, and their agents, servants and employees to ensure they safely and properly stocked, stored, placed, kept, positioned, secured and maintained products/merchandise/stock/goods/supplies.

17

108.   Defendants failed to properly supervise, monitor and safeguard their: premises;
products/goods/merchandise/stock/supplies/goods; equipment, fixtures,
shelves/racks/displays; customers/patrons/business invitees;
agents/servants/employees/contractors/subcontractors/independent contractors and one
another.

109.   As a result of the foregoing, Plaintiff sustained damages in an amount which exceeds the
jurisdictional limits of all lower courts which would otherwise have jurisdiction of this matter,
and this court does have jurisdiction of this matter.

WHEREFORE, Plaintiff, CLAUDIA DAVIS, demands judgment against the Defendants in a
sum exceeding the jurisdictional limits of all lower courts and is within this court's jurisdiction,
together with interest, attorneys' fees and the costs and disbursements of this action and such
further and different relief as the court may deem just, proper and equitable.

Dated: Bronx, New York
       May 26, 2020

                                        *Robert Genis*
                                        Robert J Genis, Esq.
                                        SONIN & GENIS, LLC

18

## ATTORNEY'S AFFIRMATION

The Undersigned, an attorney duly admitted to practice law in the courts of New York State, is a member of **SONIN & GENIS, LLC.**, attorneys of record for the plaintiff, **CLAUDIA DAVIS** in the within action and affirms, pursuant to CPLR 2106; and Deponent has read the foregoing **SUMMONS & COMPLAINT** and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters deponent believes it to be true;

Deponent further says that the reason this verification is made by deponent and not by the plaintiff is that Plaintiff is not within the County where attorneys maintain their office;

That the grounds of deponent's belief as to all matters not stated upon deponent's knowledge are conversations with plaintiff(s), investigation and information contained within deponent's files.

Dated: Bronx, New York
    May 26, 2020

*Robert J. Genis*
Robert Genis, Esq.
**SONIN & GENIS, LLC**

19